STATE OF NEBRASKA, APPELLEE, V. CAROLYN A. JOY, APPELLANT.
371 N.W.2d 113

Filed July 26, 1985.   No. 84-913.

Donald W. Kleine, for appellant.

Robert M. Spire, Attorney General, and Charles E. Lowe, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

WHITE, J.

The defendant, Carolyn A. Joy, was charged in Douglas County with first degree murder in connection with the April 11, 1983, killing of Laura LaPointe. We reversed the defendant's earlier conviction and remanded the case for new trial because of the State's use of an inadmissible confession. *State v. Joy*, 218 Neb. 310, 353 N.W.2d 23 (1984).

A new trial was subsequently held, and the defendant was again convicted of the charge and sentenced to life imprisonment.

Defendant's sole assignment of error on this appeal is the district court's denial of her motion for directed verdict. Specifically, Joy contends that there was insufficient evidence for a jury to find beyond a reasonable doubt that a robbery occurred or was attempted in connection with LaPointe's murder. We affirm.

The gruesome facts surrounding the LaPointe murder are set forth in this court's opinions in *State v. Smith,* 219 Neb. 176, 361 N.W.2d 532 (1985), and *State v. Robertson,* 219 Neb. 782, 366 N.W.2d 429 (1985). We need not elaborate on those facts.

At trial Geraldine Carr, a primary witness for the State, testified that the victim was robbed by the defendant before she was killed by the defendant and other prostitutes involved in the crime. The defendant now claims that because this testimony was uncorroborated and directly contradicted by some of the State's other witnesses, it is therefore "so weak or doubtful a conviction based thereon could not be sustained." *State v. Piskorski*, 218 Neb. 543, 357 N.W.2d 206 (1984).

In reviewing the sufficiency of evidence, this court neither determines the plausibility of evidence nor weighs that evidence, such matters being reserved to the trier of fact. A conviction must be sustained if, viewing the evidence most favorably to the State, that evidence is sufficient to support it. *State v. Brennan*, 218 Neb. 454, 356 N.W.2d 861 (1984); *State v. Smith, supra.*

In the present case, after listening to the witnesses, the jury chose to believe Geraldine Carr's testimony, that the victim was robbed, over that of another witness, Loray Smith, that there was no robbery.

The defendant argues that since the State has vouched for the credibility and truthfulness of both witnesses, that without corroborating testimony the State has failed to prove its case beyond a reasonable doubt. This argument is without merit. A party no longer "vouches" for the credibility of its witness. Neb. Rev. Stat. § 27-607 (Reissue 1979); *State v. Price*, 202 Neb. 308, 275 N.W.2d 82 (1979). Further, a conviction may be supported by the uncorroborated testimony of an accomplice. *State v. Huffman*, 214 Neb. 429, 334 N.W.2d 3 (1983).

We will not interfere with a guilty verdict based upon evidence in a criminal case unless that evidence is so lacking in probative force that it can be said that, as a matter of law, the evidence is insufficient to support a verdict beyond a reasonable doubt. *State v. Smith, supra.* An examination of the record reveals sufficient competent evidence to sustain the jury's verdict.

AFFIRMED.