STATE OF NEBRASKA, APPELLEE, V. MICHAEL P. KANE, APPELLANT.
397 N.W.2d 628

Filed December 19, 1986.   No. 86-268.

Dennis R. Keefe, Lancaster County Public Defender, and Robert G. Hays, for appellant.

Robert M. Spire, Attorney General, and James H. Spears, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

GRANT, J.

The defendant, Michael P. Kane, appeals his conviction of one count of arson in the first degree in violation of Neb. Rev. Stat. § 28-502(1) (Reissue 1985). The defendant alleges the district court erred in denying the defendant's motions for directed verdict at the close of the State's case and at the conclusion of all the evidence. The defendant further alleges the district court abused its discretion in refusing to place the defendant on probation and imposing a sentence that was excessive and disproportionate to the severity of the offense, when considered with the defendant's background and prior record. For the reasons hereinafter stated we affirm.

The record shows the following. In an information filed on September 24, 1985, the defendant, Michael P. Kane, was

charged with one count of arson in the first degree. The defendant had been living in an apartment rented from Daniel Schroeder for approximately 1 year prior to September 5, 1985. During the early morning hours of September 5, 1985, a fire occurred in the apartment occupied by defendant. Ronald D. Peery, a fire investigator for the city of Lincoln, was called to investigate the fire at about 3 a.m. on September 5. Upon completion of his investigation Peery determined that the fire had two points of origin. Based upon this finding, Peery concluded the fire had been intentionally set. Defendant was arrested and charged with the crime.

The case was tried before a jury. The evidence presented to the jury was largely circumstantial. Prior to September 5, 1985, the defendant had several conflicts with the owner of the apartment building. These conflicts included defendant's failure to pay rent, flooding of the apartment below due to the overflow of the defendant's sink and bathtub, the removal of several light bulbs from the apartment, and the removal of all of the apartment numbers in the building. In August of 1985 the landlord asked the defendant to vacate the apartment. A formal eviction notice was sent to the defendant on August 12, 1985. The electrical service to the apartment had also been cut off.

Gloria Pulhamus, a witness for the State, testified that during the early morning hours of September 5, 1985, she and a companion were approached by defendant, who asked them to drive him to his apartment because defendant had been stopped for driving without a driver's license. Since Pulhamus and her friend needed a place to stay, they agreed to drive defendant to his apartment. Defendant indicated the two of them could sleep there. Pulhamus testified the apartment was a "mess." The electrical service had been discontinued. Defendant gave Pulhamus and her companion a large candle to provide light for them. Pulhamus testified that in response to her question concerning leaning the candle against the wall, defendant responded, "Well, it belongs to the landlord. Might as well just burn it down with the rest of it." In response to Pulhamus' questions regarding smoking in the apartment, the defendant told her to put the cigarettes out on the floor. Pulhamus

testified the defendant told her that, since he was evicted, it was about time that he burned something that belonged to the landlord. Pulhamus further testified that on the morning of the fire she was awakened by an unidentified individual who told her that the apartment was on fire. Pulhamus said she saw the defendant standing in the kitchen of the apartment with a smile on his face, walking around in the smoke as the apartment was burning. The defendant testified he had just returned from walking his dog when he noticed the apartment was on fire. The defendant stated he was in the kitchen looking for a fire extinguisher.

In addition to the testimony of Pulhamus, the evidence included a photograph of the wall in defendant's apartment. On the wall the phrase "Burn Baby Burn" was painted, with a line pointing toward the origin of the fire. The defendant testified this phrase was put on the wall a month prior to the fire and stated that it was just a political statement and was not meant to show that he intended to start the apartment on fire.

The defendant's first two assignments of error concern the failure of the district court to sustain defendant's motions for a directed verdict. It is the law in the State of Nebraska that only where there is a total failure of competent proof to support a material allegation in the information, or where the testimony adduced is of so weak or doubtful a character that a conviction based thereon could not be sustained, will a trial court be justified in directing a verdict of not guilty. *State v. Bridger*, 223 Neb. 250, 388 N.W.2d 831 (1986). The evidence in the case at bar was largely circumstantial. However, circumstantial evidence is sufficient to support a conviction if such evidence and reasonable inferences that may be drawn from the evidence establish the defendant's guilt beyond a reasonable doubt. *State v. Ellis*, 223 Neb. 779, 393 N.W.2d 719 (1986); *State v. Buchanan*, 210 Neb. 20, 312 N.W.2d 684 (1981). It is not the responsibility of this court to resolve conflicts in the evidence, pass on the credibility of witnesses, or weigh the evidence. That is for the trier of fact, and the verdict must be sustained if, taking the view most favorable to the State, there is sufficient evidence to support it. *State v. Ellis, supra*. See, also, *State v. Joy*, 220 Neb. 535, 371 N.W.2d 113 (1985); *State v. Rolling*, 209

Neb. 243, 307 N.W.2d 123 (1981). We determine that the evidence in the case at bar, although largely circumstantial, is sufficient when taken as a whole to prove defendant's guilt beyond a reasonable doubt. The trial court did not err in refusing to sustain the defendant's motions for directed verdict.

The defendant further assigns as error that the sentence imposed was excessive and disproportionate "to the severity of the offense when considered with the Appellant's background and prior record" and that the district court erred in refusing to place the defendant on probation. Regarding the refusal to place the defendant on probation, we find no error. The granting of probation as opposed to imposing a jail sentence is a matter which is left for the discretion of the trial court. Absent the showing of abuse of discretion, this court will not disturb the trial court's denial of probation. *State v. Bovill*, 223 Neb. 764, 393 N.W.2d 715 (1986); *State v. Gillette*, 218 Neb. 672, 357 N.W.2d 472 (1984); *State v. Last*, 212 Neb. 596, 324 N.W.2d 402 (1982).

As to defendant's contention that his sentence was excessive, this court has consistently held that absent an abuse of discretion, this court will not disturb a sentence imposed within the statutory limits. Arson in the first degree is a Class II felony. § 28-502(3). As such, it is punishable by a maximum of 50 years' imprisonment and a minimum of 1 year's imprisonment. Neb. Rev. Stat. § 28-105(1) (Reissue 1985). The defendant was sentenced to imprisonment for an indeterminate period of 5 to 10 years. The presentence report, setting out defendant's prior record, shows that defendant, a 44-year-old man, was convicted of burglary in 1962, shooting with intent to kill, wound, or maim and carrying a concealed weapon in 1977, and was imprisoned for each of these felony convictions. In addition, defendant has numerous misdemeanor convictions, including a $100 fine imposed in connection with a charge of destruction of property on August 27, 1985, at the same location where the arson in this case was committed. Defendant's sentence in this case was well within the prescribed statutory limits and obviously not excessive. The judgment of the district court is affirmed.

AFFIRMED.