STATE OF NEBRASKA, APPELLEE, V. DARRYL W. HUNT, APPELLANT.

399 N.W.2d 806

Filed January 23, 1987.    No. 86-344.

James Martin Davis and John William Davis, for appellant.

Robert M. Spire, Attorney General, Laura L. Freppel, and Lisa D. Martin-Price, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

GRANT, J.

The defendant, Darryl W. Hunt, appeals his conviction in the district court for Douglas County. The defendant was convicted, after jury trial, of possession with intent to distribute, deliver, or dispense a controlled substance, marijuana, in violation of Neb. Rev. Stat. § 28-416(1)(a) (Reissue 1985). He was sentenced to imprisonment in the Nebraska Penal and Correctional Complex for a period of not less than 3 nor more than 5 years. In his appeal defendant alleges only that the district court erred in overruling defendant's motion for a directed verdict in that the evidence was insufficient as a matter of law to sustain the conviction. For the reasons hereinafter stated, we affirm.

The record discloses that on the afternoon of September 16, 1985, officers of the Omaha Police Department, pursuant to a valid search warrant, conducted a search of apartment E at 6606 North 51st Plaza, Omaha, Nebraska. The apartment was leased to Denise Abram. When the police entered the apartment, Denise Abram and two of her minor children were there, as well as defendant Darryl Hunt. As a result of the search, a quantity of marijuana was seized, as well as a pad of unused, printed bank checks with the defendant's name and the address of "6606 N. 51st Plaza, No. E," on them; an envelope from a different bank addressed to the defendant at that address and postmarked April 15, 1985; $376 in cash; and a slip of paper with a list of names and amounts owed. The defendant was placed under arrest and subsequently charged with possession of a controlled substance, marijuana, with intent to deliver.

We first note that this court has held that a trial court is justified in directing a verdict of not guilty in favor of a defendant in a criminal case only where there is a total failure of competent proof to support a material allegation in the information or where the testimony adduced is of so weak or

doubtful a character that a conviction based thereon could not be sustained. *State v. Kane, ante* p. 245, 397 N.W.2d 628 (1986); *State v. Bridger,* 223 Neb. 250, 388 N.W.2d 831 (1986). While the evidence presented against the defendant in the case at bar is largely circumstantial, circumstantial evidence is sufficient to support a conviction if such evidence and reasonable inferences that may be drawn from the evidence establish defendant's guilt beyond a reasonable doubt. *State v. Kane, supra; State v. Ellis,* 223 Neb. 779, 393 N.W.2d 719 (1986); *State v. Buchanan,* 210 Neb. 20, 312 N.W.2d 684 (1981). Further, it is not the responsibility of this court to resolve conflicts in the evidence, pass on the credibility of witnesses, or weigh the evidence. That task is for the jury, and its verdict of guilty must be sustained if, taking the view most favorable to the State, there is sufficient evidence to support it. *State v. Kane, supra.* See, also, *State v. Joy,* 220 Neb. 535, 371 N.W.2d 113 (1985).

An examination of the record, with those standards in mind, discloses the following. Abram testified that defendant was not a resident of her apartment, and other witnesses testified that defendant lived at a residence other than 6606 North 51st Plaza, apartment E. The State adduced other evidence which, if believed by the jury, established that defendant's residence was the apartment in question. Such evidence included the undisputed facts that at the time the police entered the apartment defendant was bathing in the bathtub in the apartment and that clothing belonging to him was piled in the middle of the floor in the master bedroom. Other evidence showed that, in the presence of defendant, Abram told the police lieutenant in charge of the search party that the master bedroom was messy because "That's not my room, that's his room, he lives there," referring to defendant. Other undisputed evidence showed that defendant was the father of three of Abram's four children. In addition, as set out above, the police search of the apartment disclosed imprinted blank checks bearing defendant's name and the address of the apartment in question, as well as mail directed to defendant at the apartment address.

Defendant argues that he was merely present in the

apartment and that under the rule this court set out in *State v. Faircloth*, 181 Neb. 333, 148 N.W.2d 187 (1967), and quoted with approval in *State v. Klutts*, 204 Neb. 616, 284 N.W.2d 415 (1979), his mere presence is not sufficient evidence to establish that he was a resident of the apartment or, in any event, that the evidence did not show that he had sufficient knowledge of the presence of the marijuana to have intent to possess it.

In the case at bar, the evidence showed more than mere presence at the apartment. Defendant's bathing in the apartment at 4 p.m., together with the other facts as set out above, affords sufficient evidence to support a determination that defendant was a resident of the apartment in question. Once that fact is established, it is a reasonable inference for the jury to believe that an occupant of the apartment was aware of the presence of such quantities of marijuana and cash, and therefore had the intent to possess such items. The evidence further furnished a reasonable inference that a person of the established limited economic means of Abram could not alone own such a quantity of cash and marijuana as found in the apartment.

We hold that the evidence in the case at bar was sufficient, when taken as a whole, to establish beyond a reasonable doubt that defendant was a resident of the apartment, knew of the presence of the marijuana, and had the intent to possess that marijuana.

Insofar as defendant argues that in any event the evidence was not sufficient, as a matter of law, to support a finding of guilt of possession with intent to deliver, we determine that argument is without merit. The marijuana seized during the search was packaged in sandwich bags with a seal across the top, referred to as "nickel" and "dime" bags. At trial, Lieutenant Crowley of the Omaha Police Department testified that, when packaged for street sale, marijuana is normally placed in small sandwich bags in quantities of approximately $1/2$ ounce (a "nickel" bag of a value of approximately $5) and approximately 1 ounce (a "dime" bag with a value of approximately $10). The jury could have properly drawn an inference that the marijuana found in the apartment was packaged for street sale. Such an inference is further supported

by the finding of a sack containing 42 "nickel" bags and 25 "dime" bags, together with $376 in bills and coins, located under the sink in the kitchen. In a closet, the police also found an "I.O.U. Sheet" containing names and dates listed as "Date got," "Amount," and other dates listed as "D.B. Back," as well as an additional 11 "nickel" bags and 4 "dime" bags. We determine the evidence was sufficient to support the jury's finding of guilty of possession of marijuana with intent to deliver. The judgment of the district court is affirmed.

AFFIRMED.