STATE OF NEBRASKA, APPELLEE, V. CHARLES W. BABCOCK, APPELLANT.

419 N.W.2d 527

Filed February 19, 1988.   No. 87-427.

Michael F. Gutowski, for appellant.

Gary P. Bucchino, Omaha City Prosecutor, for appellee.

HASTINGS, C.J., WHITE, SHANAHAN, and FAHRNBRUCH, JJ., and HANNON, D.J.

FAHRNBRUCH, J.

Defendant, Charles W. Babcock, after a Douglas County Court bench trial, was found guilty of driving a motor vehicle while under the influence of alcohol, second offense, in violation of Neb. Rev. Stat. § 39-669.07 (Cum. Supp. 1986). On appeal, the conviction and sentence were affirmed by the district court. We also affirm the conviction and sentence.

In substance, the defendant complains: (1) There was insufficient evidence to convict him; (2) the trial court erred in admitting the State's rebuttal testimony; and (3) the trial court erred in ruling that the defendant had previously been convicted of a like offense. We affirm.

An alcohol violation in § 39-669.07 may be proved in either one of two ways: (1) that a person operated or was in actual physical control of a motor vehicle while under the influence of alcoholic liquor; *or* (2) that a person while driving a motor vehicle or who was in physical control of a motor vehicle had ten-hundredths of 1 percent or more by weight of alcohol in his/her body fluid as shown by chemical analysis of his/her blood, breath, or urine. *State v. Burling*, 224 Neb. 725, 400 N.W.2d 872 (1987); *State v. Tomes*, 218 Neb. 148, 352 N.W.2d 608 (1984).

In reviewing the sufficiency of evidence in a case of this nature, we have said:

" '[I]t is not the province of this court to resolve conflicts in the evidence, pass on credibility of witnesses, determine the plausibility of explanations, or weigh the evidence. Such matters are for the finder of fact. The verdict must be sustained if, taking the view most favorable to the State, there is sufficient evidence to support it. . . .' "
*State v. Thomte*, 226 Neb. 659, 665, 413 N.W.2d 916, 920 (1987); *State v. Richter*, 225 Neb. 871, 408 N.W.2d 324 (1987); *State v. Hvistendahl*, 225 Neb. 315, 405 N.W.2d 273 (1987).

There is evidence in this case from which the trial court could find beyond a reasonable doubt that defendant operated his motor vehicle while under the influence of alcoholic liquor.

On November 21, 1986, two police officers in a single cruiser began following a white pickup truck after it was observed to have a defective taillight lens. At the time, the truck was being driven by the defendant north on 85th Street in Omaha, Douglas County, Nebraska. Some distance north of Blondo Street, 85th Street merges into 88th Street. The street has one lane for northbound traffic and one lane for southbound traffic. As the truck and cruiser proceeded north, the truck swerved over the centerline six times, causing at least one oncoming car to take evasive action to avoid a collision. Shortly thereafter, the truck turned right into a Denny's restaurant driveway, and, in so doing, the right rear wheel of the truck hit the street curb. The defendant utilized two parking stalls in parking his truck.

When one of the officers asked the defendant for his driver's license, vehicle registration, and insurance card, the defendant took out his billfold, fumbled for quite a long time to find his driver's license, and could not find his vehicle registration. Later, after the defendant was arrested, the officer found the vehicle registration in the glove compartment of the truck. No insurance card was ever produced or found. The officer testified that when he contacted the defendant there was a moderate to strong odor of alcoholic beverage about the defendant, that defendant's eyes were glazed and bloodshot, that defendant's speech was slurred and confused, and that defendant mumbled.

The officer testified that he had to hold on to the defendant

to keep him from falling as the defendant was getting out of his truck. The officer further testified that he had to hold on to defendant while defendant was trying to walk at the scene and, later, at police headquarters. Had the officer not held on to the defendant, the defendant would have fallen, according to the officer. At the scene, the defendant was given an Alco-Sensor test which registered .22 percent. The defendant was then placed under arrest about 9:30 p.m. Defendant was transported to police headquarters, where he performed a finger-to-nose test. With his right hand, defendant was hesitant, but with his left hand, "sure." He was slow in picking up a coin from a table, but did so.

The officer who first observed defendant's truck corroborated the testimony of the arresting officer in most material respects.

The arresting officer, based upon his observations of the defendant for $1^1/_2$ to 2 hours, and based upon the officer's experience with intoxicated people during nearly 15 years as a policeman, gave his opinion that the defendant was intoxicated and had too much to drink to be driving.

In his testimony, the defendant stated that his walking was impaired due to a hip injury, that his speech was impaired by false teeth, and that his eyes were always bloodshot. The defendant admitted he had a crack in his right taillight lens, but only in that portion which wrapped around to the side of the truck. He testified that his truck was cold, that the windows were frosty, and that "I was keeping it [the truck] on the road." In regard to a near collision with an oncoming car, the defendant testified: "I didn't think it was a near miss, but if they [the officers] said it was, it might have been." The defendant admitted he could have had a total of seven beers at two different establishments prior to 9:30 p.m.

The defendant claims that that part of the officers' testimony describing defendant's physical condition, including his bloodshot eyes, how he walked, and how he spoke, should be disregarded because the officers had not observed the defendant prior to 9:30 p.m., November 21, 1986. His complaint goes to the weight and credibility to be attached to the officers' testimony. As stated in *State v. Thomte*, 226 Neb.

659, 413 N.W.2d 916 (1987), it is not the province of this court to determine either the weight to be given to testimony or the credibility of witnesses.

Defendant's complaint in regard to the sufficiency of the evidence as to whether he was under the influence of alcoholic liquor is without merit.

At the trial, it was stipulated that at the police station defendant was given a breath test on an Intoxilyzer Model 4011AS and that the test reading was .181. It was further stipulated that the testing device was in working order on November 21, 1986, that the defendant was properly tested within the proper time period allowed, and that the machine had been properly maintained and was in good operating condition at the time of the test. The test was administered at 10:17 p.m. The evidence reflects that the defendant was arrested about 9:30 p.m.

In support of his claim that there was insufficient evidence that he had ten-hundredths of 1 percent or more by weight of alcohol in his body fluid while driving his truck, the defendant contends (1) that as a matter of law, pursuant to *State v. Burling*, 224 Neb. 725, 400 N.W.2d 872 (1987), the Intoxilyzer reading of .181 in defendant's case should be reduced to 52.38 percent of the test result, thereby lowering the measurement of the amount of alcohol in defendant's breath below the statutory requirement of ten-hundredths of 1 percent; and (2) that due to alcohol's being absorbed by the dental adhesive which was used to secure defendant's false teeth in his mouth, the reading of .181 was in error.

In *State v. Burling, supra*, this court did not intend to, nor did it, rule that as a matter of law a reading of the test results from an Intoxilyzer Model 4011AS should automatically be adjusted. In *State v. Burling, supra; State v. Hvistendahl*, 225 Neb. 315, 405 N.W.2d 273 (1987); and *State v. Bjornsen*, 201 Neb. 709, 271 N.W.2d 839 (1978), this court merely ruled upon evidentiary facts peculiar to each of those cases. Whether an adjustment is required is dependent upon the credible evidence in each case.

The defendant, based upon an experiment, claims that his breath test was inaccurate due to a mixture of alcohol and

dental adhesive remaining in his mouth after he removed his false teeth prior to the breath test. In his experiment, defendant mixed alcohol and dental adhesive. He testified that the alcohol dissipated within a half hour to 45 minutes. In this case, the defendant ingested his last alcoholic drink before he was arrested at 9:30 p.m. The Intoxilyzer test was performed at 10:17 p.m. The experiment had no probative value.

The State, on rebuttal, introduced evidence challenging defendant's experiment. Even if the evidence was improperly admitted, it was harmless error in view of the defendant's evidence relative to the experiment.

Lastly, the defendant complains that the trial court erred in finding that the defendant had previously been convicted of a like offense. At the enhancement hearing, the State introduced an Omaha Municipal Court record certifying that on February 22, 1985, the defendant entered a plea of "no contest" to violating § 39-669.07 (Reissue 1984). He was found guilty, and, on April 18, 1985, defendant was sentenced to 6 months' probation. Defendant argues that the court did not explain during the 1985 hearings that defendant had a right to counsel. The certified record explicitly shows that at the time of the plea and at the time of sentencing in the 1985 case the defendant was represented by counsel. It is not necessary for a trial court to perform a useless act of explaining to a defendant his right to counsel when the defendant is represented by counsel. The defendant's assignment of error is frivolous.

AFFIRMED.