STATE OF NEBRASKA, APPELLEE, V. MARSHA L. ZELLNER, APPELLANT.

422 N.W.2d 96

Filed April 15, 1988.   No. 87-917.

Thomas M. Kenney, Douglas County Public Defender, and Timothy P. Burns, for appellant.

Robert M. Spire, Attorney General, Gary P. Bucchino, Omaha City Prosecutor, and J. Michael Tesar, for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

FAHRNBRUCH, J.

The defendant, Marsha L. Zellner, was convicted after a county court bench trial of shoplifting, in violation of Neb. Rev. Stat. § 28-511.01 (Reissue 1985). She was sentenced to probation. The Douglas County District Court affirmed the conviction and sentence. In her appeal, Zellner claims the evidence was insufficient to convict her. We affirm.

Zellner was a Christmastime seasonal employee for Target Stores in Omaha. On January 3, 1987, her last day of employment with Target, Zellner "clocked out" at 5 p.m. About 6 p.m. she was observed in Target's sight and sound department. Store employees testified Zellner placed a Samsung TV box and an Emerson VCR box in her shopping cart. Store personnel testified that there were no empty boxes near the VCR or TV displays. The boxes in Zellner's cart were stapled or taped shut with factory tape, according to prosecution witnesses. The court found one box contained a VCR and the other a TV. Zellner left the sight and sound department without paying for either the VCR or the television at the cash register in that department. Security personnel were alerted to Zellner's actions.

John Fifer, a Target store detective, began observing Zellner when she was still in the sight and sound department. He verified that Zellner had a VCR box and a TV box in her shopping cart and that the boxes were sealed. Zellner, upon leaving the sight and sound department, went to the domestics department, where she was seen selecting two sets of sheets. Later, she procured one cosmetic item. Fifer watched Zellner go to the checkout lane where a cashier, who the court found was

an accomplice, checked the items in Zellner's cart. A video tape recording of Zellner's movements was introduced into evidence. Fifer, from behind a two-way mirror, observed Zellner at the checkout lane. He saw Zellner put the sheets and the cosmetic item on the desk. The VCR box and TV box were left in the cart. The accomplice appeared to take numbers off the VCR and TV boxes. After paying for the items that the accomplice recorded in the register, Zellner left the store with the TV and VCR boxes still in her shopping cart. She put the boxes into her automobile and left the Target parking area.

The tape from the accomplice's cash register specifically recorded the sale of sheets and makeup. Two apparently fictitious items from the housewares department were also recorded on the register when the accomplice pretended to record numbers from the TV and VCR boxes. The register tape did not indicate a purchase of a VCR or a TV by Zellner, nor did it record any legitimate inventory numbers from the housewares department.

Zellner testified that she clocked out at 5 p.m. on January 3, 1987, and went to an upstairs stockroom where she obtained an empty VCR box and an empty TV box. Zellner said she took boxes downstairs and placed them in her shopping cart. She claimed she then went to the television display area in the sight and sound department. She wanted to look at the Chicago Bears' playoff game which was being aired, she said. Zellner testified she left that department, selected two microwave popcorn poppers, picked up some sheets and a cosmetic item, and headed toward the checkout lanes. Zellner went to the accomplice's checkout lane. The accomplice testified she looked into the boxes in Zellner's cart and that they were empty and did not contain a TV or a VCR.

In finding Zellner guilty, the trial judge held that the circumstantial evidence was overwhelming. Circumstantial evidence is sufficient to support a conviction if such evidence and reasonable inferences that may be drawn from the evidence establish the defendant's guilt beyond a reasonable doubt. *State v. Nesbitt*, 226 Neb. 32, 409 N.W.2d 314 (1987); *State v. Hunt*, 224 Neb. 594, 399 N.W.2d 806 (1987); *State v. Kane*, 224 Neb. 245, 397 N.W.2d 628 (1986). There also was direct evidence that

Zellner placed a factory-sealed TV box and VCR box in her cart.

In determining the sufficiency of the evidence to sustain a conviction, it is not the province of this court to resolve conflicts in the evidence, pass on credibility of witnesses, determine the plausibility of explanations, or weigh the evidence. Such matters are for the finder of fact. The verdict must be sustained if, taking the view most favorable to the State, there is sufficient evidence to support it. *State v. Babcock*, 227 Neb. 649, 419 N.W.2d 527 (1988); *State v. Eichelberger*, 227 Neb. 545, 418 N.W.2d 580 (1988).

Taking the view most favorable to the State, there was sufficient evidence for the trial court to find the defendant guilty as charged.

Zellner's conviction and sentence are affirmed.

AFFIRMED.