STATE OF NEBRASKA, APPELLEE, V. STANLEY J. TATARA,
APPELLANT.

430 N.W.2d 692

Filed October 28, 1988.   No. 87-1070.

Jeffrey A. Silver, of Silver, Wieland & Haas, for appellant.

Robert M. Spire, Attorney General, Gary P. Bucchino,

Omaha City Prosecutor, and J. Michael Tesar for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, and GRANT, JJ., and COLWELL, D.J., Retired.

GRANT, J.

This is an appeal from the district court for Douglas County. The defendant-appellant, Stanley J. Tatara, was charged in county court with operating a motor vehicle while under the influence of alcohol, in violation of Neb. Rev. Stat. § 39-669.07 (Reissue 1984). After a bench trial, the county court found Tatara guilty "of the charge of: Drunken Driving - First Offense." Defendant was fined and sentenced to probation. The district court affirmed the judgment and sentence of the county court. Tatara appeals to this court, challenging the sufficiency of the evidence to sustain his conviction and alleging the trial court erroneously admitted into evidence the results of the test of his breath, as measured by the Intoxilyzer Model 4011AS. We affirm.

In a bench trial of a criminal case, the court, as the trier of fact, is the sole judge of the credibility of witnesses and the weight to be given to their testimony. *State v. Craig*, 219 Neb. 70, 361 N.W.2d 206 (1985). In reviewing the sufficiency of the evidence to sustain a criminal conviction, it is not the province of the Supreme Court to resolve conflicts in the evidence, pass on the credibility of witnesses, determine the plausibility of explanations, or weigh the evidence; such matters are for the finder of fact, and the verdict must be sustained if, taking the view most favorable to the State, there is sufficient evidence to support it. *State v. Babcock*, 227 Neb. 649, 419 N.W.2d 527 (1988).

Taking the view most favorable to the State, the record shows that on November 21, 1986, Omaha Police Officer Edward George was operating a radar machine and timed the defendant traveling at approximately 61 miles per hour on the John F. Kennedy Freeway at D Street in Omaha, where the speed limit is 45 m.p.h. The incident occurred around 7:30 p.m. in sparse traffic. Defendant was traveling in the center lane, but did not appear to be weaving from side to side. Officer George pulled in behind defendant with red lights on and shined his spotlight on

the back of defendant's truck. Defendant did not stop. Officer George then sounded his siren, and defendant pulled over.

Officer George approached the driver's side of the truck. When defendant rolled the window down, Officer George smelled an odor of alcohol coming from the vehicle. He further observed that defendant's eyes were somewhat glassy and watery and asked defendant to step out of the vehicle. Defendant's speech was slow and deliberate, but not slurred.

When defendant got out of the truck, his walking was unbalanced and unsure. He was "very deliberate" in his steps, as if he were "trying to step over something — around it." Defendant walked from his truck to the police car, but placed his hand on the side of the truck and on the front fender of the police car to balance himself.

Officer George testified he had been around people who had consumed alcohol, that he had consumed alcohol himself, and that he had seen other people intoxicated. He has made hundreds of drunk driving arrests in the course of his career as a police officer. Officer George stated that in his opinion, based on his observations of the defendant, defendant had consumed too much alcohol to be operating a motor vehicle on city streets.

Officer David Stokes also observed defendant for 20 to 25 minutes at the scene of the arrest and testified he smelled alcohol coming from the defendant. Officer Stokes further testified that defendant's walk was unsteady and that his speech was hesitant and unsure. Defendant did not testify.

Jerry Tosoni of the Omaha Police Division crime lab had performed a breath test on the defendant using the Intoxilyzer Model 4011AS device. The defense stipulated that the test had in all respects been administered in conformity with the rules and regulations of the Nebraska Department of Health. The result of the Intoxilyzer breath test was .167 percent. Defendant objected to the evidence of the result of the test, and in this court assigns as error the action of the trial court in admitting the test results "without competent expert foundational testimony that such [Intoxilyzer] provided a trustworthy reliable measure of alcohol in the blood." In answer to this contention, we point out that Neb. Rev. Stat. § 39-669.11 (Reissue 1984) provides:

> Any test made under the provisions of section 39-669.08, if made in conformity with the requirements of this section, shall be competent evidence in any prosecution under a state statute . . . involving operating a motor vehicle while under the influence of alcoholic liquor, or involving driving or being in actual physical control of a motor vehicle with an amount of alcohol in the blood in violation of a statute . . . .

The statute then goes on to set out the manner in which the tests must be made, and by whom. In the case before us, the breath test was administered in accordance with methods approved by the Department of Health, by a device specifically approved in the regulations of the department, and by a properly licensed person. Defendant stipulated to those facts. No evidence, expert or other, was adduced by defendant. The trial court did not err in receiving into evidence the results of the tests, measured by an Intoxilyzer Model 4011AS. See *State v. Babcock*, 227 Neb. 649, 419 N.W.2d 527 (1988).

With regard to defendant's contention that the evidence, in the absence of the Intoxilyzer test results, was not sufficient to find defendant guilty, a violation of § 39-669.07 may be proven in either one of two ways: (1) that the defendant operated or was in actual physical control of a motor vehicle while under the influence of alcohol; or (2) that the defendant, while driving a motor vehicle or in actual physical control of a motor vehicle, had ten-hundredths of 1 percent or more by weight of alcohol in his or her body fluid as shown by chemical analysis of his or her blood, breath, or urine. *State v. Babcock, supra.* We note that § 39-669.07 has been amended since this incident. See § 39-669.07 (Supp. 1987).

We have sustained the trial court's action in admitting the test results in evidence, but in addition, a police officer's opinion, based on personal observations of the defendant, is sufficient to sustain a finding that the defendant operated a motor vehicle when the defendant was under the influence of alcohol. *State v. Thomte*, 226 Neb. 659, 413 N.W.2d 916 (1987).

The record in this case shows that Officers George and Stokes had the opportunity to observe the defendant at close range over a period of time. Both officers detected an odor of

alcohol coming from the defendant and noticed that defendant had some difficulty speaking and walking. It was Officer George's opinion, based on his observations of the defendant, that defendant had consumed too much alcohol to be operating a motor vehicle on city streets. Under these circumstances, the evidence was more than sufficient to enable the trial court to find that defendant operated or was in actual physical control of a motor vehicle while he was under the influence of alcohol.

The judgment of the district court, affirming the order of the county court, is affirmed.

AFFIRMED.