STATE OF NEBRASKA, APPELLEE, V. CYNTHIA A. WIGGINS, APPELLANT.

432 N.W.2d 824

Filed December 16, 1988.   No. 88-147.

Elizabeth Stuht Borchers, of Marks & Clare, for appellant.

Robert M. Spire, Attorney General, Gary P. Bucchino, Omaha City Prosecutor, and J. Michael Tesar for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

FAHRNBRUCH, J.

Cynthia A. Wiggins appeals her shoplifting conviction and the imposition of a $50 fine. We affirm the conviction and

sentence.

The defendant was found guilty by the Douglas County Court of violating Neb. Rev. Stat. § 28-511.01(1)(a) (Reissue 1985), which prohibits shoplifting. On appeal, the conviction and sentence were affirmed by the Douglas County District Court. Wiggins then appealed to this court, claiming the evidence is insufficient to convict her.

In determining the sufficiency of the evidence to sustain a conviction, it is not the province of this court to resolve conflicts in the evidence, pass on the credibility of witnesses, determine the plausibility of explanations, or weigh the evidence. Such matters are for the finder of fact. The verdict must be sustained if, taking the view most favorable to the State, there is sufficient evidence to support it. *State v. Tatara, ante* p. 279, 430 N.W.2d 692 (1988); *State v. Zellner,* 228 Neb. 272, 422 N.W.2d 96 (1988); *State v. Babcock,* 227 Neb. 649, 419 N.W.2d 527 (1988).

Taking the view most favorable to the State, the record reflects that on July 23, 1987, Wiggins entered a Walgreens drugstore in Omaha, Nebraska. She purchased a prescription and paid for that at the prescription counter. Before leaving the store, Wiggins selected some wrapping paper and subsequently proceeded to the cash register. As Wiggins was standing by a rack of film about 20 feet from the register, a Walgreens cashier saw a box of Kodak film sliding from the wrapping paper into Wiggins' purse. The flat package of wrapping paper was folded into a funnel shape. The cashier could not tell precisely what kind of Kodak film she saw, but thought it was about a five-pack of film. Wiggins paid for the wrapping paper and left the store.

The cashier called an assistant store manager and alerted him as to what she had seen. The assistant manager, wearing a Walgreens blue uniform, followed Wiggins out the door. He called to Wiggins, who was about 15 to 20 yards ahead of him, and asked her if he could speak with her for a minute. Wiggins ran to her car, put it in reverse, backed out at a high rate of speed, and left the parking lot.

The assistant manager noted Wiggins' license plate number and called the police. He and a police officer drove to Wiggins'

home to identify the car, but the car was not there. As the police officer and assistant manager were returning to the Walgreens store, Wiggins passed them going in the opposite direction. The officer turned around and followed her, with his lights activated. Wiggins did not stop until she drove onto the front yard grass at her residence. The officer obtained Wiggins' identification and told her that her car had been involved in a shoplifting. The officer did not search her or her purse.

Wiggins testified she did purchase a prescription and wrapping paper at Walgreens. She testified that she had a box of exposed Kodak disc film in her purse which she intended to have developed. The defendant testified that she never took the box of film from her purse. She said that the cashier must have seen the film in her purse. Whether the cashier saw the film sliding down the wrapping paper into Wiggins' purse or whether the clerk saw it in Wiggins' purse was for the trier of fact. The county judge, as the trier of fact, obviously accepted the cashier's version of the facts rather than the defendant's version.

A four-pack Kodak box containing six exposed film discs Wiggins introduced into evidence has a Walgreens price sticker affixed to it. It was that box of undeveloped film, Wiggins said, she had in her purse. Wiggins said she did not leave the film for processing because negatives from other films developed by Walgreens had not yet been returned to her. She said she did not want to take a chance of losing all of her negatives. The defendant testified she did not remember the other negatives until she was in the Walgreens store.

Wiggins claimed she neither heard nor saw anyone follow her out of the Walgreens store. She further testified that she walked to her car and then left the parking lot in a normal fashion.

We have held that circumstantial evidence is sufficient to support a conviction if such evidence and reasonable inferences that may be drawn from the evidence establish the defendant's guilt beyond a reasonable doubt. *State v. Zellner*, 228 Neb. 272, 422 N.W.2d 96 (1988); *State v. Nesbitt*, 226 Neb. 32, 409 N.W.2d 314 (1987); *State v. Hunt*, 224 Neb. 594, 399 N.W.2d 806 (1987).

When viewed most favorably to the State, the direct and

circumstantial evidence and all reasonable inferences which may be drawn therefrom are sufficient to find beyond a reasonable doubt that Wiggins shoplifted.

Wiggins' conviction and sentence are affirmed.

AFFIRMED.