STATE OF NEBRASKA, APPELLEE, V. DENNIS MARRS, APPELLANT.

434 N.W.2d 336

Filed January 20, 1989.   No. 88-327.

Thomas M. Kenney, Douglas County Public Defender, and Brian S. Munnelly for appellant.

Robert M. Spire, Attorney General, and Kimberly A. Klein for appellee.

HASTINGS, C.J., WHITE, and FAHRNBRUCH, JJ., and FUHRMAN and WHITEHEAD, D. JJ.

FAHRNBRUCH, J.

Dennis Marrs was convicted by a jury of delivering marijuana to an undercover police officer. Marrs appeals, claiming the evidence is insufficient to support the conviction. We affirm.

Marrs was charged with two counts of unlawful delivery of marijuana, in violation of Neb. Rev. Stat. § 28-416(1)(a) (Cum. Supp. 1986). Each count is classified as a Class III felony. A Class III felony carries a penalty of not less than 1 nor more than 20 years' imprisonment, up to a $25,000 fine, or both. Neb. Rev. Stat. § 28-105 (Reissue 1985).

Marrs was acquitted on one count. On the other count, he

was convicted and sentenced to 18 to 24 months' imprisonment. It is from the conviction that Marrs appeals.

In determining the sufficiency of the evidence to sustain a conviction, it is not the province of this court to resolve conflicts in the evidence, pass on the credibility of witnesses, determine the plausibility of explanations, or weigh the evidence. Such matters are for the finder of fact. The verdict must be sustained if, taking the view most favorable to the State, there is sufficient evidence to support it. *State v. Wiggins, ante* p. 632, 432 N.W.2d 824 (1988); *State v. Tatara, ante* p. 279, 430 N.W.2d 692 (1988); *State v. Zellner,* 228 Neb. 272, 422 N.W.2d 96 (1988).

Taking the view most favorable to the State, the evidence reflects that on July 7, 1987, an Omaha police officer, Ted Green, working undercover in the narcotics unit, received an anonymous telephone call about a high volume of pedestrian and vehicular traffic in the area of 24th and Larimore Streets in Omaha. The caller thought people in the area were selling drugs on the street.

On the evening of July 7, 1987, during surveillance of the 24th and Larimore vicinity, Green and his partner saw a large group of people in front of a house. Cars would pull up to the side of the street, and a party from the group of people would run up to the passenger side of a car, stay 1 or 2 minutes, and disappear back into the crowd. The officers contacted their sergeant. It was decided that Green should attempt to purchase controlled substances in the area of the surveillance.

Later on the night of July 7, 1987, Green pulled up to the area as he had observed the other vehicles do earlier. He purchased two dime bags of marijuana for $20 from a black male. No arrest was made. Contents of the two dime bags were tested and found to be marijuana.

On July 24, 1987, Green passed by the area of 24th and Larimore, and again he saw the black male from whom he had purchased the marijuana. As Green drove by, the male motioned to his mouth as if smoking.

Green set up surveillance of the area on July 27, 1987. Before stopping to observe the area, Green drove by a church at 24th and Larimore and saw the same black male on the steps of the

church. On that evening, upon Green's request, uniformed officers conducted an identification check of the men on the church steps. The man who had sold Green marijuana was identified as Dennis Marrs, the defendant. Once Green had the defendant's name, he conducted a records check and positively identified a photo of Marrs as being the person who sold him the marijuana on July 7, 1987. Green also made an in-court identification of Marrs as the man who sold him the marijuana.

Green again purchased marijuana in the 24th and Larimore area on August 24, 1987. Marrs was arrested for both the July and August sales of marijuana to Green. He was acquitted of charges related to the August sale.

The evidence, when viewed most favorably to the State, is sufficient to sustain, beyond a reasonable doubt, the defendant's conviction for the sale of marijuana to Green on July 7, 1987.

The defendant's conviction and sentence are affirmed.

AFFIRMED.