240

STATE OF NEBRASKA, APPELLEE, V. STEVEN L. BURGHARDT,
APPELLANT.
435 N.W.2d 673
Filed February 17, 1989.   No. 88-222.

Anthony S. Troia for appellant.

Robert M. Spire, Attorney General, and Linda L. Willard for appellee.

HASTINGS, C.J., WHITE, and FAHRNBRUCH, JJ., and FUHRMAN and WHITEHEAD, D. JJ.

FUHRMAN, D.J.

Steven L. Burghardt, convicted by a jury of second degree assault and use of a knife to commit a felony, was sentenced to consecutive sentences of 20 months to 5 years, and 2 to 4 years. Burghardt appeals, claiming the evidence is insufficient to support the conviction and that the jury verdict was ambiguous and indefinite. We affirm.

In determining the sufficiency of the evidence to sustain a conviction, it is not the province of this court to resolve conflicts in the evidence, pass on the credibility of witnesses, determine the plausibility of explanations, or weigh the evidence. Such matters are for the finder of fact. The verdict must be sustained if, taking the view most favorable to the State, there is sufficient evidence to support it. *State v. Wiggins*, 230 Neb. 632, 432 N.W.2d 824 (1988); *State v. Tatara*, 230 Neb. 279, 430 N.W.2d 692 (1988); *State v. Zellner*, 228 Neb. 272, 422 N.W.2d 96 (1988).

Taking the view most favorable to the State, the evidence

reflects that on January 31, 1987, the defendant; his brother, John Burghardt; and several friends went to the Bitter Sweet Lounge in Omaha, Douglas County, Nebraska. While they were at the Bitter Sweet Lounge, the bouncer, Clyde Owens, had to go to the tables occupied by this group on several occasions, as they were blocking an aisle, making it difficult for people to get around them.

Subsequently, the bouncer was informed that some of the group were smoking marijuana. Owens went to the table, told them they could not smoke marijuana in the bar, and asked them three or four times to leave the bar. When he asked the defendant's brother, John Burghardt, to leave, John said that he had a beer he was going to drink there. Owens gave John back the money for his beer and asked him to leave. John started to leave, but before getting out the door, he stopped. The bouncer eventually got John out of the bar, and the defendant went out as well.

The defendant then wanted to reenter the bar but was denied access by Owens. Through the door glass Owens saw that the two brothers had knives in their hands. He then went to the bar, reached behind it to get the revolver that was kept there, and asked that someone call the police.

Owens testified that thereupon John Burghardt opened the front door to the bar and started hollering in. At this point the defendant tried to rush in. Owens reached out and grabbed the defendant, who stabbed Owens in the back. John Burghardt started charging in with his knife, at which time Owens shot him.

The State introduced substantial probative evidence to establish all elements of the crimes charged. The evidence, when viewed most favorably to the State, is sufficient to sustain, beyond a reasonable doubt, the defendant's convictions.

The defendant further claims that because both the guilty and the not-guilty forms for the second degree assault count were returned after having been signed by the jury foreman, with the not-guilty form having the foreman's signature crossed out, the verdict was not certain and free of ambiguity.

It is conjecture as to why the not-guilty verdict form was signed, with the foreman's signature later crossed out.

However, the record is clear that in open court, in the presence of the jury, the defendant, and his counsel, the court accepted the unanimous jury verdicts of guilty on each count. Neither party desired to have the jury polled, and the court adjudged the defendant guilty of each count.

The inadvertently signed verdict form is not indicative that the verdict was indefinite or ambiguous. Rather, it shows only that an error was made and ultimately corrected prior to acceptance and filing of record by the trial judge. We find that an inadvertently signed verdict form alone is insufficient to show an indefinite or ambiguous verdict of guilty.

The judgment is affirmed.

AFFIRMED.