# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**Opinion Number: 2020-NMCA-010**

**Filing Date: October 29, 2019**

**NO. A-1-CA-37236**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**ARTHUR MARTINEZ,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF CURRY COUNTY**
**Drew D. Tatum, District Judge**

Certiorari Denied, January 8, 2020, No. S-1-SC-38029. Released for Publication February 11, 2020.

Hector H. Balderas, Attorney General
Santa Fe, NM
Lauren J. Wolongevicz, Assistant Attorney General
Albuquerque, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Santa Fe, NM
Steven J. Forsberg, Assistant Appellate Defender
Albuquerque, NM

for Appellant

## OPINION

**BOGARDUS, Judge.**

**{1}** Defendant Arthur Martinez appeals from the district court's order denying his motion to dismiss. The central issue on appeal is whether Defendant's two convictions entered by the magistrate court should stand, given a conflict between—on the one side, the jury foreperson's announcement of guilt on both counts, the result of the jury

poll generally affirming the jury foreperson's announcement, and signed "guilty" verdict forms—and on the other side, signed "not guilty" verdict forms. Concluding that the inconsistency in the verdict forms was the product of a clerical error that the magistrate properly corrected and that Defendant was not exposed to double jeopardy, as argued, we affirm.

**BACKGROUND**

**{2}**     Defendant was charged with two misdemeanor crimes: driving with a suspended license and driving without insurance. This appeal stems from an irregularity in Defendant's trial, which was conducted in magistrate court.

**{3}**     Because the magistrate court is not of record, knowledge of what happened at Defendant's trial is limited; nevertheless, both parties submit the following. After the jury deliberated, the jury foreperson announced that the jury found Defendant guilty on both counts. During the jury poll that followed the announcement, each juror assented to the verdict. Of note, however, the court did not poll the jurors specifically as to each count. The court then discharged the jury. After the jury left, the magistrate court noticed that the foreperson had signed both the "guilty" verdict form and the "not guilty" verdict form associated with each count. The court responded to the inconsistency by setting a hearing on the issue.

**{4}**     The record provides additional information about what happened next. The magistrate court filed the "guilty" verdict forms with the clerk on the day of trial.  The "not guilty" verdict forms were made part of the record with a note attached to each with the words "Foreperson signed in error." It is not clear who wrote or attached the notes, nor when they were attached. Meanwhile, also on the day of trial, the court prepared a notice to send to the jury foreperson requiring his attendance at the hearing. The notice stated that the requirement to attend was "due to a clerical error with the [v]erdict paperwork at the trial[.]" At the conclusion of that hearing, which likewise was not recorded, the magistrate court (1) found that the jury verdict was valid as announced; and (2) entered a judgment of guilt as to each count.

**{5}**     Defendant then appealed the judgment to the district court and moved to dismiss the charges, alleging that his right to be free from double jeopardy was violated "by the . . . [m]agistrate [c]ourt's decision to allow the verdict to stand." Following a hearing on the matter, the district court entered an order denying Defendant's motion; included in the order were factual findings. Defendant next entered into a conditional plea allowing him to seek relief from his convictions. Defendant now appeals the district court's order.

**DISCUSSION**

**{6}**     We first establish the standard we use to review the district court's order. We review de novo the conclusions of law underlying the denial of Defendant's motion to dismiss. *See State v. Baca*, 2015-NMSC-021, ¶ 25, 352 P.3d 1151. To the extent that those conclusions are based on the court's findings stated in the order, we review the

findings under a deferential substantial evidence standard. *See id.* Under that standard, "we will not weigh the evidence or substitute our judgment for that of the [district]court, and all reasonable inferences supporting the fact findings will be accepted even if some evidence may have supported a contrary finding." *State v. Rodriguez*, 2006-NMSC-018, ¶ 3, 139 N.M. 450, 134 P.3d 737 (citation omitted).

**{7}** The question before us is whether the district court erred in concluding that, based on what happened in magistrate court, the entry of Defendant's convictions was proper. Defendant's claims to the district court and now on appeal all arise from the fact that the "not guilty" verdict forms were signed. Defendant treats the signed forms as an acquittal and, in so doing, contends both that the magistrate court subjected him to double jeopardy by recording the guilty verdict and also that any retrial of the charges against him would constitute double jeopardy. In contrast, the State treats the signatures on the "not guilty" verdict forms as clerical error that the magistrate court was allowed to, and did, correct.

**{8}** We share the State's view that the signing of the "not guilty" verdict forms was clerical error that the magistrate court could correct, and we disagree with Defendant that the signed "not guilty" verdict forms were tantamount to an acquittal giving rise to double jeopardy.

## I.    The Signed "Not Guilty" Verdict Forms Represented Clerical Error

**{9}** Defendant denies that the written verdicts resulted from clerical error and stresses that, instead, they were ambiguous. We disagree. With two signed verdict forms for each charge, one "guilty" and one not, the occurrence of clerical error is plain, given the simple fact that one must be correct and the other incorrect. Furthermore, the problem with the written verdicts was not that either one contained internal ambiguity or vagueness needing clarification or interpretation, but rather that each one's plain meaning contradicted the other's. *Compare Di Palma v. Weinman*, 1911-NMSC-036, ¶ 15, 16 N.M. 302, 121 P. 38 (considering a written jury verdict assessing damages "at $5,000, at 6 per cent. interest[,]" ambiguous in that it was unclear whether the interest was intended to be prejudgment or postjudgment interest), *aff'd sub nom. Weinman v. De Palma*, 232 U.S. 571 (1914), *with State v. Burghardt*, 435 N.W.2d 673, 675 (Neb. 1989) (commenting that the return of signed "guilty" and "not guilty" verdict forms for a single charge was indicative of inadvertence, not ambiguity). Hence, clerical error was present, and Defendant's reliance on case law governing courts' responses to "ambiguous" verdicts is generally misplaced.

**{10}** More apt to this situation is case law addressing inconsistency in expression and intention: cases in which the jury foreperson signed both the "guilty" and "not guilty" verdict forms, *e.g.*, *Burghardt*, 435 N.W.2d at 675; cases in which the oral or written verdict did not reflect the jury's actual finding, *e.g.*, *Rodriguez*, 2006-NMSC-018, ¶ 2; *see also, e.g.*, *United States v. Stauffer*, 922 F.2d 508, 511 (9th Cir. 1990); *United States v. Dotson*, 817 F.2d 1127, 1129 (5th Cir. 1987), *vacated in part on other grounds*, 821 F.2d 1034 (5th Cir. 1987) (per curiam); *United States v. Mears*, 614 F.2d

1175, 1179 (8th Cir. 1980); and cases in which a court's oral pronouncement contradicted its written order, *e.g.*, *Johnson v. Mabry*, 602 F.2d 167, 169 (8th Cir. 1979); *State v. Stejskal*, 2018-NMCA-045, ¶¶ 3-5, 421 P.3d 856. In such cases, courts have understood the inconsistencies as resulting from inadvertent error and have approved of juries' and trial courts' exercise of power to correct those errors. *Stauffer*, 922 F.2d at 514; *Dotson*, 817 F.2d at 1130; *Mears*, 614 F.2d at 1179; *Johnson*, 602 F.2d at 170; *Burghardt*, 435 N.W.2d at 675; *Rodriguez*, 2006-NMSC-018, ¶ 1; *Stejskal*, 2018-NMCA-045, ¶ 16.

**{11}** Rule 6-704(B) NMRA furnishes such power to magistrate courts. Specifically, Rule 6-704(B) provides that "[c]lerical mistakes in final orders or other parts of the file and errors therein arising from oversight or omission may be corrected by the magistrate at any time on the judge's own initiative." A court properly exercises this power when it takes some action relative to a verdict form to reflect the jury's true intent. *Cf. Rodriguez*, 2006-NMSC-018, ¶ 1 (recognizing the district court's power to correct a signed verdict form not reflective of the jury's intent).

**{12}** We consider, then, whether the magistrate court's act of recording the guilty verdict was reflective of the jury's true intent. The district court found that the jury intended to return verdicts of guilt as to both charges against Defendant. In particular, the district court found that the magistrate judge announced the jury's verdict of guilty on both counts and that the jury foreperson did the same. The district court concluded that there was "ample" evidence that the announcements were correct.

**{13}** We agree that there was ample evidence to support the conclusion that the jury found Defendant guilty on both counts. Most notably, the jury foreperson returned an oral verdict making that exact pronouncement. The jury heard it. When polled, not one juror registered dissent. The jury then heard the judge make the same pronouncement: guilty on both counts. No juror stayed after trial to inform any court official that what was spoken by both the jury foreperson and the judge inaccurately represented the jury's verdict; that subsequent silence of the jury's is telling. That is, it is reasonable to infer that—had the jury found Defendant not guilty on one of the counts, as Defendant contends is possible in light of the general polling approach taken—at least one of the jurors would have attempted to correct the prevailing understanding of guilt on both counts, either during polling or after trial. *Cf. State v. Holloway*, 1987-NMCA-090, ¶ 14, 106 N.M. 161, 740 P.2d 711 (noting that the purpose of a jury poll is "to give each juror an opportunity, before the verdict is recorded, to declare in open court his assent to the verdict which the foreman has returned and thus to enable the court and parties to ascertain for a certainty that *each of the jurors approves of the verdict as returned*" (emphasis added) (internal quotation marks and citation omitted)). Furthermore, the magistrate court found after the hearing it conducted that the oral verdict was valid; and shortly after trial, in its letter to the foreperson, characterized the extraneous signings as "clerical error."

**{14}** In sum, we conclude that the signing of the " not guilty" verdict forms was clerical error, that Rule 6-704(B) empowered the magistrate court to correct the error, and that

the court did so by entering the guilty verdict to reflect the jury's true intent. *Cf. Rodriguez*, 2006-NMSC-018, ¶ 1.

## II. Defendant's Double Jeopardy Right Was Not Violated

**{15}** Defendant's arguments concerning double jeopardy also fail. The double jeopardy protection, as relevant here, applies "against a second prosecution for the same offense after acquittal." *United States v. DiFrancesco*, 449 U.S. 117, 129 (1980) (internal quotation marks and citation omitted); *State v. Gallegos*, 2011-NMSC-027, ¶ 30, 149 N.M. 704, 254 P.3d 655 (internal quotation marks and citation omitted). That is, the double jeopardy issue would arise if Defendant were acquitted, but he was not. *See DiFrancesco*, 449 U.S. at 129; *Gallegos*, 2011-NMSC-027, ¶ 30. The "not guilty" verdict forms signed by the jury foreperson were never effectuated: they were not announced in open court, made the subject of the jury poll, or entered as the judgment of the magistrate court. *See, e.g.*, 3 Charles Alan Wright et al., *Federal Practice and Procedure* § 517 (4th ed. 2011) (observing that a verdict is valid when the result of jury deliberations is announced in open court and no juror registers dissent); 75B Am. Jur. 2d *Trial* § 1445 (2019) (observing that "it is the judgment of the court adopting the findings of the jury which breathes life and effectiveness into the jury's verdict"); *cf.* Rule 6-610 NMRA (outlining the requirements governing the return of a verdict in magistrate court); Rule 6-701 NMRA (outlining the magistrate court's role in effectuating a judgment of guilty or not guilty). To the contrary, the magistrate court filed the "guilty" verdict forms based on the foreperson's announcement of the guilty verdicts in open court and the poll confirming the unanimity of the jury. After the hearing on the matter, the magistrate court found that Defendant's convictions stood and entered judgment accordingly. Under these circumstances, the written not guilty verdicts cannot function as an acquittal that would expose Defendant to double jeopardy. *See, e.g.*, *Blueford v. Arkansas*, 566 U.S. 599, 610 (2012) (holding that the defendant could be retried on charges for which the jury returned oral not guilty verdicts, but for which no formal acquittal was entered); *State v. Dorsey*, 706 S.W.2d 478, 481 (Mo. Ct. App. 1986) (rejecting, based on the trial court's having not accepted the not guilty verdict returned by the jury, the argument that double jeopardy bars a new trial). Without an acquittal, Defendant faced no double jeopardy.

## III. There Was No Fundamental Error

**{16}** Defendant further asserts that the magistrate court fundamentally erred by not treating the not guilty written verdict as controlling. Having established that the magistrate court did not err in recording the verdict of guilt, we need not consider this argument further, as there is no possibility that the court fundamentally erred. *See State v. Archunde*, 1978-NMCA-050, ¶ 3, 91 N.M. 682, 579 P.2d 808 (concluding that where there was no error, there was no fundamental error).

## CONCLUSION

**{17}** We affirm.

**{18}** IT IS SO ORDERED.

**KRISTINA BOGARDUS, Judge**

**WE CONCUR:**

**J. MILES HANISEE, Chief Judge**

**ZACHARY A. IVES, Judge**