# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**Opinion Number: 2022-NMCA-017**

**Filing Date: August 24, 2021**

**No. A-1-CA-38179**

**STATE OF NEW MEXICO,**

   Plaintiff-Appellant,

v.

**MATTHEW ROBERT STEVENS,**

   Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Stanley Whitaker, District Judge**

Certiorari Denied, March 24, 2022, No. S-1-SC-38990. Released for Publication May 10, 2022.

Hector H. Balderas, Attorney General
Maris Veidemanis, Assistant Attorney General
Santa Fe, NM

for Appellant

Bennett J. Baur, Chief Public Defender
William O'Connell, Assistant Appellate Defender
Santa Fe, NM

for Appellee

## OPINION

**YOHALEM, Judge.**

**{1}** The memorandum opinion filed on August 10, 2021, is hereby withdrawn and replaced with this opinion. Defendant Matthew Robert Stevens was charged in the Second Judicial District Court with aggravated assault against a household member (deadly weapon), pursuant to NMSA 1978, Section 30-3-13(A)(1) (1995); false imprisonment, pursuant to NMSA 1978, Section 30-4-3 (1963); and aggravated assault (deadly weapon), pursuant to NMSA 1978, Section 30-3-2(A) (1963). All but the last charge, aggravated assault (deadly weapon), were dismissed by the State prior to the

scheduled trial date following the exclusion of State witnesses as a sanction for failing to make them available for interviews. The State appeals from the district court's dismissal with prejudice of Defendant's last remaining charge on the grounds that the district court lacked jurisdiction because the State failed to bring the case to trial within the deadline set by LR2-308 NMRA.

**{2}** Relying on the provisions of LR2-308, the State contends that the district court erred in dismissing this criminal case with prejudice for four reasons: (1) the district court erred in concluding that the rule was jurisdictional and that dismissal with prejudice was required if a case was not timely tried; (2) the district court erred in concluding dismissal with prejudice was required by the terms of LR2-308; (3) the State was not responsible for the failure to comply with the deadline to commence trial; and (4) dismissal was precluded by the exception set forth in LR2-308(H)(6). We agree with the State both that the district court erred in dismissing for lack of jurisdiction and that the rule, by its terms, did not require dismissal. We reverse and remand on these bases, without reaching the two additional issues raised by the State.

## BACKGROUND

**{3}** Defendant was charged on May 2, 2018, in the metropolitan court with aggravated assault against a household member (deadly weapon); false imprisonment; and aggravated assault (deadly weapon). The metropolitan court found probable cause on May 3, 2018. The State requested pretrial preventive detention, based on interviews with the victim and witnesses and Defendant's criminal history. The metropolitan court granted the motion, finding that reliable evidence showed that Defendant posed a danger to the community, and that no release conditions would reasonably protect the safety of the community from future criminal activity.

**{4}** Defendant was indicted by a grand jury on May 16, 2018, and the case proceeded in the Second Judicial District Court. Shortly thereafter, Defendant asked the district court to reconsider the order requiring pretrial detention. The motion to reconsider was denied and Defendant remained in pretrial detention throughout the proceedings.

**{5}** Defendant was arraigned on May 25, 2018. The timelines set by the rules for criminal proceedings in the Second Judicial District Court run either from the date of arraignment or from some other triggering event. LR2-308(F)(5)(a) (stating that deadlines for commencement of trial and other events run from arraignment or other applicable triggering event identified in LR2-308(G)). In this case, the parties agree that the timelines ran from May 25, 2018, the date of Defendant's arraignment.

**{6}** At the time of arraignment, the State is required by LR2-308(B)(2) to file a certification. This certification requires the State to acknowledge that it has done sufficient investigation to be "reasonably certain that . . . the case will reach a timely disposition by plea or trial within the case processing time limits set forth in this rule[.]" LR2-308(B)(2)(a). The certification also requires the State to acknowledge that it

understands that, "absent extraordinary circumstances," its "failure to comply with the case processing time lines set forth in [LR2-308] will result in sanctions as set forth in [LR2-308(H)]." LR2-308(B)(2)(d). The State timely filed this certification.

**{7}** LR2-308(F)(3) requires the district court to assign a case to one of three tracks. The deadlines for a case to progress depend on the track selected by the district court. LR2-308(F)(5). At a status hearing on July 12, 2018, the district court assigned the case to Track 1, the track with the shortest time limits, intended for the least complex criminal cases. LR2-308(F)(3). Both parties agree that, as a Track 1 case, the rule required the district court's scheduling order to provide a date for commencement of trial within "within two hundred ten (210) days of arraignment." LR2-308(F)(5)(a). The district court adopted a scheduling order setting a November 26, 2018, deadline for pretrial motions, and a trial date on a trailing docket for January 28, 2019. Although the scheduling order provided that the trial date was within the 210-day period for commencing trial set by LR2-308(F)(5)(a), the date set was actually more than a month past the deadline to commence trial under the rule. The 210 days expired on December 21, 2018. The State did not alert the district court to its error during the scheduling conference or after receipt of the scheduling order.

**{8}** On November 26, 2018, the deadline set by the district court for filing pretrial motions, Defendant filed a pretrial motion to exclude four of the State's witnesses, based on the State's failure to timely make them available for interview by defense counsel. Defendant noted in his motion that his trial was scheduled to commence after the deadline set by the rule, without requesting any relief on this basis. The State did not respond to Defendant's motion.

**{9}** At a December 17, 2018 hearing, on Defendant's motion to exclude witnesses, the district court reprimanded the State for failing to file a response, and granted Defendant's motion, excluding four prosecution witnesses. Once again, the fact that the scheduled trial date violated LR2-308's deadline for commencing trial was not brought to the district court's attention.

**{10}** December 21, 2018, was the last day under the rule to timely commence trial. Three days after the deadline passed, Defendant filed an addendum to his November 26, 2018, motion to exclude witness testimony. In the addendum to his motion, Defendant informed the district court that the deadline set by LR2-308(F)(5) for commencing trial had expired, and asked the court to dismiss the case as a sanction.

**{11}** The State responded by claiming that Defendant's addendum was a pretrial motion, that the deadline for pretrial motions was November 26, 2018, and, therefore, Defendant's December 24, 2018, motion to dismiss should be denied as untimely. The district court agreed with the State, ruling orally at a January 8, 2019 hearing, that Defendant's motion to dismiss for failing to comply with the rule's time for commencement of trial was an untimely-filed pretrial motion, and, therefore, holding that it could not be filed without the prior permission of the court. The district court orally denied Defendant's motion to dismiss on this basis and set trial for January 30, 2019.

Only one count remained to be tried—aggravated assault (deadly weapon)—the others having been dismissed by the State after four prosecution witnesses were excluded.

**{12}** On January 28, 2019, the case was assigned to another judge for trial. On the day of trial, Defendant moved for reconsideration of the district court's oral ruling denying his motion to dismiss. The district court granted Defendant's motion, announcing on January 30, 2019, the morning of trial, that the case was dismissed with prejudice.

**{13}** The State filed a motion to reconsider. Following a hearing on the State's motion to reconsider, the district court entered a written order granting, in a single document, Defendant's motion to dismiss and denying the State's motion to reconsider. The district court concluded, in relevant part, that because the time limits set by LR2-308 for commencing trial had expired more than a month earlier without an extension having been sought, the court had no jurisdiction, and was required as well by the terms of the rule to dismiss with prejudice.

**{14}** The State appealed to this Court.

**DISCUSSION**

**{15}** The State contends, in relevant part, that the district court erred in concluding that the time limits for trial set forth in LR2-308 are jurisdictional and that, because the time for commencing trial set by the rule had already expired, the district court was required to dismiss with prejudice. We agree with the State's claims of error, both because the rule is not jurisdictional and it does not require dismissal with prejudice when the deadline for trial has passed.

**I.     Standard of Review**

**{16}** "The determination of whether jurisdiction exists is a question of law which [we] review[] de novo." *Gallegos v. Pueblo of Tesuque*, 2002-NMSC-012, ¶ 6, 132 N.M. 207, 46 P.3d 668. We review de novo as well the district court's construction of the provisions of LR2-308, "because the interpretation of rules is a question of law." *H-B-S P'ship v. Aircoa Hosp. Servs., Inc.*, 2008-NMCA-013, ¶ 5, 143 N.M. 404, 176 P.3d 1136.

**II.    The District Court Had Subject Matter Jurisdiction**

**{17}** Although the district court did not specify in its order, we assume that the court was referring to its subject matter jurisdiction when it held that "the time limits imposed by . . . LR2-308 are jurisdictional." "Subject matter jurisdiction is the power to adjudicate the general questions involved in the claim[.]" *Williams v. Rio Rancho Pub. Schs.*, 2008-NMCA-150, ¶ 10, 145 N.M. 214, 195 P.3d 879.

**{18}** The source of the district court's jurisdiction is Article VI, Section 13 of the New Mexico Constitution, which provides: "The district court shall have original jurisdiction in

all matters and causes not excepted in this constitution, and such jurisdiction of special cases and proceedings as provided by law[.]" As our Supreme Court has held, jurisdiction cannot be created through the Court's rulemaking authority; rules regulate the procedure in our district courts. Jurisdiction is controlled by the constitution and our Legislature. *See State v. Smallwood*, 2007-NMSC-005, ¶ 6, 141 N.M. 178, 152 P.3d 821; *State v. Guzman*, 2004-NMCA-097, ¶ 9, 136 N.M. 253, 96 P.3d 1173 (holding that the former Rule 5-604(B) NMRA (2004), which set a six-month deadline for trial of a simple criminal case "is not jurisdictional").

**{19}**　The only question relevant to determine whether the district court has subject matter jurisdiction is "whether this kind of claim . . . falls within the general scope of authority conferred upon such court by the constitution or statute." *Gonzales v. Surgidev Corp.*, 1995-NMSC-036, ¶ 12, 120 N.M. 133, 899 P.2d 576. Criminal cases plainly fall within the general scope of authority conferred upon our district courts, s*ee State ex rel. Foy v. Austin Cap. Mgmt., Ltd.*, 2015-NMSC-025, ¶ 7, 355 P.3d 1, and, therefore, we conclude that the district court had jurisdiction.

### III.　The District Court Erred in Construing LR2-308 to Require Dismissal With Prejudice When the Deadline for Commencing Trial Has Passed

**{20}**　Having concluded that the provisions of LR2-308 are not jurisdictional, the remaining question before us is whether the district court correctly concluded that the provisions of the rule removed all discretion from the court, making dismissal with prejudice mandatory.

**{21}**　The State contends that the failure to timely commence trial is no different than any other violation of the rule; it is a "failure to comply" addressed in LR2-308(H) by the imposition of a sanction chosen by the district court, in the exercise of its discretion, on the responsible party. LR2-308(H)(1) provides:

> If a party fails to comply with any provision of this rule or the time limits imposed by a scheduling order entered under this rule, the court shall impose sanctions as the court may deem appropriate in the circumstances and taking into consideration the reasons for the failure to comply.

**{22}**　Instead of focusing on LR2-308(H), Defendant turns to LR2-308(J), the rule's provision addressing extensions of time for trial. Defendant contends that the State's failure to timely request an extension of time to commence trial should be treated identically to the pretrial denial of an extension request, pursuant to LR2-308(J)(4). LR2-308(J)(4) provides that if a timely request for an extension of time is denied before the date for trial to commence by the chief judge, and the state then fails to commence trial on the date set, dismissal with prejudice is required. Defendant contends that dismissal with prejudice is therefore mandatory in this case as well.

**{23}**　We are not persuaded by Defendant's analogy to LR2-308(J)(4). LR2-308(J)(4) applies solely when a timely request for a second extension of time, requiring a showing

of extraordinary circumstances, is sought, and is denied upon review by the chief judge *before the date set for trial*. Contrary to Defendant's construction of this provision, LR2-308(J)(4) does not impose mandatory dismissal; Subparagraph (J)(4) gives the State the option of proceeding to trial on the date set. The case is dismissed only if the State opts not to proceed to trial.

**{24}** In this case, there was no request for an extension of time and no pretrial denial of that request. The predicate for application of LR2-308(J)(4), therefore, was not satisfied. Most importantly, the State was not given the option of avoiding dismissal by proceeding to trial because the deadline for trial had already expired. This was arguably a violation of the rule requiring the State to commence trial within 210 days of arraignment. As the State contends, a failure to comply with *any provision* of the rule is specifically addressed by LR2-308(H)(1), which states that "[i]f a party fails to comply with *any provision* of this rule[,]" the district court "shall impose sanctions *as the court may deem appropriate in the circumstances* and taking into consideration the reasons for the failure to comply." (Emphases added.)

**{25}** This Court, most recently in *State v. Lewis*, 2018-NMCA-019, 413 P.3d 484, construed LR2-308(H)(1) to mandate that the district court apply some sanction if a party has failed to comply with a provision of the rule, but to leave the type of sanction to the discretion of the district court. *See Lewis*, 2018-NMCA-019, ¶ 8 (construing the identical language of LR2-400.1(A) (2015) NMRA, the predecessor of LR2-308).

**{26}** We note that LR2-308(H)(1) requires the district court to exercise its discretion in light of the circumstances and, in particular, in light of the reasons for the failure to comply in deciding what sanction is appropriate. Here the State contends that the failure to timely bring Defendant to trial was attributable to the error made by the district court in its scheduling order, or to the Defendant relieving the State of all responsibility for the violation, and making any sanction, let alone dismissal with prejudice, inappropriate. We leave both the appropriateness of a sanction and the type of sanction to be imposed, if one is appropriate, to the district court's discretion on remand.

**CONCLUSION**

**{27}** We reverse and remand to allow the district court to determine, in the exercise of its discretion, whether the State is the party responsible for the delay, and if so, what sanction is appropriate under LR2-308(H)(1).

**{28} IT IS SO ORDERED.**

**JANE B. YOHALEM, Judge**

**WE CONCUR:**

**KRISTINA BOGARDUS, Judge**

**MEGAN P. DUFFY, Judge**