The slip opinion is the first version of an opinion released by the Clerk of the Court of Appeals. Once an opinion is selected for publication by the Court, it is assigned a vendor-neutral citation by the Clerk of the Court for compliance with Rule 23-112 NMRA, authenticated and formally published. The slip opinion may contain deviations from the formal authenticated opinion.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

Opinion Number:

Filing Date: **February 6, 2024**

**No. A-1-CA-40849**

**STATE OF NEW MEXICO,**

Plaintiff-Appellant,

v.

**NATHANIEL HOBBS,**

Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF MCKINLEY COUNTY**
**Louis E. DePauli, Jr., District Court Judge**

Raúl Torrez, Attorney General
Santa Fe, NM
Emily Bowen, Assistant Attorney General
Albuquerque, NM

for Appellant

Bennett J. Baur, Chief Public Defender
Melanie C. McNett, Assistant Appellate Defender
Santa Fe, NM

for Appellee

**OPINION**

**MEDINA, Judge.**

{1}    Defendant Nathaniel Hobbs faced various charges in magistrate court after police arrested him for driving under the influence. During a pretrial hearing, the magistrate court reportedly excluded all of the State's witnesses due to the State's late disclosure. *Before* the magistrate court entered its order, the State filed a nolle prosequi and refiled the charges in district court to appeal the exclusion of its witnesses under *State v. Heinsen* (*Heinsen II*), 2005-NMSC-035, 138 N.M. 441, 121 P.3d 1040. In the absence of an order from the magistrate court suppressing the witnesses, the district court dismissed the State's case for failure to comply with Rule 6-506(B) NMRA, the magistrate court six-month rule.

{2}    We hold that the district court could not exercise appellate review of the magistrate court's reported exclusion of witnesses, absent proof of an order from the magistrate court or other documentation in the magistrate court record of the exclusion, and the district court also erred by dismissing the case for violation of the magistrate court six-month rule. We therefore reverse and remand.

**BACKGROUND**

{3}    On March 22, 2022, the State filed a criminal complaint in magistrate court charging Defendant with driving under the influence, driving with an open container, causing intentional damage to personal property of another, driving without a

license, proof of registration, and insurance. *See* NMSA 1978, § 66-8-102 (2016) (driving under the influence); NMSA 1978, § 66-8-138(A) (2013) (open container); NMSA 1978, § 30-15-1 (1963) (causing intentional damage to the personal property of another); NMSA 1978, § 66-5-2 (2013) (drivers must be licensed); NMSA 1978, § 66-3-13 (2013) (drivers must show proof of registration); NMSA 1978, § 66-5-229(C) (2019) (drivers must show proof of financial responsibility).

{4}     The magistrate court set trial for August 5, 2022. The State filed a witness list in the magistrate court on April 8, 2022, but did not upload the witness list into the Criminal Information System (CMS), until August 3, 2022. On August 4, 2022, Defendant filed a motion to exclude all witnesses contending late witness disclosure by the State. The magistrate court continued the August 5, 2022, trial setting and heard Defendant's motion to exclude witnesses on either August 18, 2022, or September 1, 2022. On September 6, 2022, the State filed a nolle prosequi citing the exclusion of its essential witnesses.

{5}     On September 15, 2022, the State refiled the charges against Defendant in district court. On September 30, 2022, Defendant moved to dismiss the criminal information, arguing that the State had failed to comply with the six-month rule in magistrate court because six months from the time the case was filed in magistrate court had lapsed on September 21, 2022, and the State could not otherwise prove that it had secured a new six-month period by filing a *Heinsen* appeal. *See Heinsen*

2

*II*, 2005-NMSC-035, ¶ 27 ("If the [s]tate can establish that it has acted in order to preserve its right to appeal an order suppressing evidence, which is substantial proof of a material fact in the proceeding, and that it is not doing so for the purpose of delay, . . . the six-month rule should commence six months after the date of arraignment, or waiver of arraignment, on the indictment or information or under any other applicable provision of Rule 5-604[(B) NMRA (2005)] (former version of rule governing commencement of trial in refiled concurrent jurisdiction cases)"). Defendant specifically claimed that the district court could not hear the refiled case because the magistrate court had not filed a suppression order before the State filed its nolle prosequi. *See Heinsen II*, 2005-NMSC-035, ¶ 27 ("[W]e hold that a new six-month rule period should begin to run when the [s]tate files a nolle prosequi *following* a suppression order by a magistrate court and refiles in district court." (emphasis added)).

{6}    At the hearing on Defendant's motion to dismiss, Defendant conceded that the magistrate court asked him to prepare the order excluding the State's witnesses by September 8, 2022, but did not do so before the State filed the nolle prosequi on September 6, 2022. The district court informed the parties that it would dismiss the case because the six-month rule in magistrate court applied and had run. The district court subsequently entered an order dismissing the criminal information in which it found, in part, that "the [m]agistrate [c]ourt had never entered an [o]rder

3

[s]uppressing witnesses," the "[t]ime for [c]ommencement of [the] trial in the [m]agistrate [c]ourt ran on September 21, 2022," and "[w]ithout a finding of suppression of evidence at the [m]agistrate [c]ourt level, the State is not entitled to a new six[-]month rule date on this matter." The State appealed.

**DISCUSSION**

{7}     We begin by addressing the State's attempt to obtain a *Heinsen* appeal from the magistrate court's reported exclusion of its witnesses. We hold that the district court could not conduct appellate review under *Heinsen* absent a written order or some other clear indication in the record of the magistrate court's ruling. Nevertheless, as we discuss in the final section of this opinion, the district court erred when it dismissed the case for a violation of the magistrate court six-month rule in light of our Supreme Court's holding in *State v. Savedra*, which withdrew the six-month rule in district court. 2010-NMSC-025, ¶¶ 8, 9, 148 N.M. 301, 236 P.3d 20. We explain.

**I.     Standard of Review**

{8}     "We review the application and interpretation of constitutional provisions, statutes, and court rules de novo to determine the right to an appeal and the scope of the appeal allowed by law." *State v. Heinsen* (*Heinsen I*), 2004-NMCA-110, ¶ 9, 136 N.M. 295, 97 P.3d 627. We also apply de novo review to determine what justifies

4

dismissal by the district court. *See State v. Rayburns*, 2008-NMCA-050, ¶ 7, 143 N.M. 803, 182 P.3d 786.

**II.    The District Court Could Not Review the Reported Magistrate Court's Exclusion of Witnesses.**

{9}    The State argues that it dismissed the charges in magistrate court to pursue a *Heinsen* appeal, which would automatically allow the district court to review the exclusion of witnesses regardless of whether the magistrate court entered an order thereon. The State contends a written order is not required for the district court's review of the magistrate court's suppression ruling.

{10}    The State further argues that the record does contain evidence of the magistrate court ruling and that consequently the district court should have accepted the appeal despite the absence of a clear record of a written or oral order. In support, the State cites both the nolle prosequi, which stated that the State dismissed the case because essential witnesses had been excluded, and the underlying briefing on the motion to dismiss.

{11}    Defendant responds that we should affirm the district court because it lacked jurisdiction to hear the State's appeal.[1] Defendant argues that neither statute nor the New Mexico Constitution guarantee the State an appeal from the magistrate court,

---

[1]We briefly note that questions regarding the application of the six-month rule are procedural in nature—not jurisdictional. *See State v. Stevens*, 2022-NMCA-017, ¶¶ 17-19, 508 P.3d. 902.

*see Heinsen I*, 2004-NMCA-110, ¶ 1, and that the State failed to properly preserve its arguments for appeal to the district court because of ambiguities in the magistrate court record. Defendant ultimately submits that the State should have pursued a written order from the magistrate court under Rule 5-826(G) NMRA or could have, with prior approval, made a record of the proceeding to preserve evidence of the magistrate court's order.

{12}     When appeals arise from the magistrate court—including in the *Heinsen* context—the district court is to conduct a de novo review of the magistrate record. *See State v. Verret*, 2019-NMCA-010, ¶ 14, 458 P.3d 529. The record "consists of, among other things, copies of all papers or pleadings filed in the [magistrate] court, *copies of the judgment or final order to be reviewed*, and any exhibits filed in the proceedings." *City of Farmington v. Piñon-Garcia*, 2013-NMSC-046, ¶ 12, 311 P.3d 446 (emphasis added). The record serves important purposes: it "establishes what issues were preserved in the lower court and facilitates a district court's de novo review of such issues." *Id.* However, in this case, with the exception of the State's representation on its nolle prosequi, the magistrate record contains no notation or order reflecting the magistrate's ruling on Defendant's motion to exclude the State's witnesses.

{13}     To the extent the State relies on *State v. Foster*, 2003-NMCA-099, 134 N.M. 224, 75 P.3d 824 and *City of Roswell v. Warner*, A-1-CA-37249, mem. op. (N.M.

6

Ct. App. Nov. 20, 2018) (nonprecedential) for the proposition that no written order was required in this case, we disagree and explain.

{14} In *Foster*, although this Court held that the "absence of a written order declaring a mistrial and finding manifest necessity" was not fatal to our appellate review, we reached that conclusion because the magistrate's ruling was documented in its handwritten notation "'[m]otion [g]ranted' on the [s]tate's motion requesting the magistrate court to order a mistrial, find manifest necessity and to set a second jury trial date." 2003-NMCA-099, ¶¶ 22, 23 (internal quotation marks omitted). Simply put, in *Foster*, unlike in the case before us, the magistrate court's ruling was clearly set forth in the record. *See id.* Similarly, in *Warner*, we concluded that "the absence of a written order denying [the d]efendant's motion" to exclude evidence as a consequence for a discovery violation, did not preclude our review because the State was permitted to present the evidence during trial, thereby making it "self-evident that the municipal court denied [the d]efendant's motion." A-1-CA-37249, mem. op. ¶¶ 6-7. In contrast, the record of the proceedings in the *magistrate court* here, lacks clarity as to how that court ruled on Defendant's motion outside of statements of the parties in district court.

{15} Further, we are not persuaded by the State's position that the mere act of dismissing the charges in magistrate court to pursue a *Heinsen* appeal would allow the district court to review the exclusion of witnesses regardless of whether the

7

magistrate court issued a suppression order. We read *Heinsen II* to require, at a minimum, evidence that the magistrate court entered an order and that the parties proceeded thereon. *See* 2005-NMSC-035, ¶ 1 ("We . . . hold the practical finality exception to the final judgment rule is not applicable, because the State may obtain judicial review of such a suppression order by filing a nolle prosequi to dismiss some or all of the charges in the magistrate court *after* the suppression order is *entered* and refiling in the district court for a trial de novo." (emphasis added)); *id.* ¶ 27 ("[W]e hold that a new six-month rule period should begin to run when the [s]tate files a nolle prosequi *following* a suppression order by a magistrate court and refiles in district court." (emphasis added)). Although we acknowledge that a written order may not always be necessary in this context, we have no evidence from the magistrate record to suggest that the magistrate court had entered its order *before* the State filed the nolle prosequi and pursued the charges in the district court.

{16}     We therefore conclude the district court could not conduct appellate review under *Heinsen* absent a written order or some other clear indication, in the record of the magistrate court proceedings, of the magistrate court's exclusion ruling. As we discuss below, the district court should not have dismissed the case for expiration of the six-month rule. Rather, it should have abided by its duty to oversee cases of concurrent jurisdiction. *See* Rule 5-604(A).

8

### III. The District Court Should Not Have Dismissed Defendant's Case for Violation of the Magistrate Court Six-Month Rule.

{17} In this portion of the opinion, we reiterate how the New Mexico Supreme Court's holding in *Savedra* affected the *Heinsen* appeal process and the expiration of the six-month rule in cases that are dismissed from a court of limited jurisdiction and refiled in the district court. "New Mexico has long recognized that the [s]tate has wide discretion to dismiss a criminal case in magistrate court by filing a nolle prosequi and reinstating charges in district court." *Heinsen II*, 2005-NMSC-035, ¶ 25. In *Heinsen II*, our Supreme Court held that the district court has the discretion to supervise the dismissal and refiling of a case from magistrate court "to ensure that the six-month rule and the defendant's due process rights are not unduly infringed." *Id.* Under *Heinsen II*, the district court would "not prevent the [s]tate from filing a nolle prosequi when the [s]tate has a good and sufficient reason for doing so," but would intervene "to prevent the [s]tate from using the dismissal for purposes of delay or to circumvent the rules." *Id.*

{18} However, in *Savedra*, the Supreme Court expressed disapproval of the "long line of appellate court opinions [that] sought to preserve the protections of the six-month rule by requiring the [s]tate to demonstrate that its decision to dismiss and refile was not done in bad faith." 2010-NMSC-025, ¶¶ 3-7. The *Savedra* Court noted the "'good faith-bad faith' analysis . . . renders a defendant's right to be promptly tried as a contingent right, one that may provide protection only if the [s]tate had

9

'bad' reasons for dismissing and refiling." *Id.* ¶ 7. The Supreme Court held this analysis impermissible, *id.*, and concluded that "any inquiry into the [s]tate's reasons for dismissing and refiling in district court should be done within the context of any speedy trial challenge the defendant may raise after the case is refiled in district court." *Id.* ¶ 8. The Supreme Court Rules Committee subsequently amended Rule 5-604 to reflect this change.

**{19}** The State argues that the district court erred upon dismissing the case "without first conducting a review of the State's reason for refiling within the context of Defendant's speedy trial rights." *See Savedra*, 2010-NMSC-025, ¶¶ 8-9; *see also* Rule 5-604(B) (same). Defendant counters that the district court properly dismissed the case on speedy trial grounds, submitting an analysis of the speedy trial factors under *State v. Garza*, 2009-NMSC-038, 146 N.M. 499, 212 P.3d 387. However, we cannot evaluate Defendant's argument because it is a fact-driven inquiry raised for the first time on appeal. *See Wild Horse Observers Ass'n v. N.M. Livestock Bd.*, 2016-NMCA-001, ¶ 29, 363 P.3d 1222 ("An appellee is not required to preserve arguments to affirm so long as those arguments are not fact-based such that it would be unfair to the appellant to entertain those arguments." (internal quotation marks and citation omitted)).

**{20}** Rather, we emphasize the changes to Rule 5-604 under *Savedra*. Once the State refiled the case before six-months had expired in magistrate court, Defendant

10

could have challenged the delay resulting from the refiling of the charges in district court by filing a motion to dismiss on speedy trial grounds. *See Savedra*, 2010-NMSC-025, ¶ 8. But dismissal on the grounds that the six-month rule ran in magistrate court was not an option. We therefore reverse the district court's dismissal of the charges in this case.

**CONCLUSION**

{21}  For the foregoing reasons, we reverse and remand for further proceedings consistent with this opinion.

{22}  **IT IS SO ORDERED.**


_____
**JACQUELINE R. MEDINA, Judge**

**WE CONCUR:**


_____
**ZACHARY A. IVES, Judge**


_____
**KATHERINE A. WRAY, Judge**