This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-41938**

**STATE OF NEW MEXICO,**

       Plaintiff-Appellee,

v.

**CHRISTOPHER POWELL a/k/a
CHRISTOPHER KIRILL POWELL,**

       Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY
Stan Whitaker, District Court Judge**

Raúl Torrez, Attorney General
Santa Fe, NM
Walter Hart, Assistant Solicitor General
Albuquerque, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Nina Lalevic, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**YOHALEM, Judge.**

**{1}**    This matter was submitted to the Court on Defendant's brief in chief pursuant to the Administrative Order for Appeals in Criminal Cases from the Second, Eleventh, and Twelfth Judicial District Courts in *In re Pilot Project for Criminal Appeals*, No. 2022-002, effective November 1, 2022. Following consideration of the brief in chief, the Court

assigned this matter to Track 2 for additional briefing. Now having considered the brief in chief, answer brief, and reply brief, we affirm for the following reasons.

**{2}** Defendant appeals from his convictions, following a jury trial, for armed robbery, aggravated battery with a deadly weapon, and shooting at or from a motor vehicle. [1 RP 251; BIC 4] Defendant raises three issues: (1) the district court erred in denying his motion to dismiss based on a failure to comply with LR2-308 NMRA; (2) the jury relied on a legally insufficient basis to convict him of shooting at or from a motor vehicle; and (3) the State did not proffer sufficient evidence to sustain his convictions. [BIC 4, 8, 13] We affirm.

**{3}** Defendant asserts the district court erred when it denied his motion to dismiss based on a violation of LR2-308. [BIC 8] We review this assertion of error de novo. *See State v. Lohberger*, 2008-NMSC-033, ¶ 18, 144 N.M. 297, 187 P.3d 162 (reviewing an interpretation of procedural rules de novo); *State v. Martinez*, 2020-NMCA-010, ¶ 6, 456 P.3d 1112 (reviewing de novo the conclusions of law underlying the denial of a defendant's motion to dismiss). Defendant acknowledges that the case was delayed due to COVID-19, but asserts that our Supreme Court's orders relevant to the public health emergency (emergency orders) do not negate the fact that the district court extended the trial date longer than allowed under LR2-308(J)(1). [BIC 10] We need not consider what impact the emergency orders had on an assessment of the district court's compliance with LR2-308 because even assuming without deciding that the district court violated LR2-308, dismissal was not required under these circumstances.

**{4}** In *State v. Stevens*, 2022-NMCA-017, 508 P.3d 902, this Court considered whether the trial court correctly concluded that the provisions of LR2-308 made dismissal mandatory where there is a failure to timely commence trial. *Id.* ¶ 20. We concluded that dismissal was not required under the language of the rule:

> [A] failure to comply with *any provision* of [LR2-308] is specifically addressed by LR2-308(H)(1), which states that if a party fails to comply with *any provision* of this rule, the district court shall impose sanctions *as the court may deem appropriate in the circumstances* and taking into consideration the reasons for the failure to comply.

*Id.* ¶ 24 (alterations, internal quotation marks, and citation omitted). The reasoning set forth in *Stevens* is applicable here. Insofar as Defendant's assertion of error is grounded in the premise that the district court failed to comply with the requirements of LR2-308, the remedy is for the district court to "exercise its discretion in light of the circumstances and, in particular, in light of the reasons for the failure to comply in deciding what sanction is appropriate." *Stevens*, 2022-NMCA-017, ¶ 26. Given Defendant's acknowledgement that the case was delayed due to COVID-19 [BIC 10] and the district court's multiple written findings to that effect [1 RP 74, 123, 125], we conclude the district court did not err in denying Defendant's motion to dismiss based on a violation of LR2-308 under these circumstances. *See Stevens*, 2022-NMCA-017, ¶ 24-26.

**{5}** Defendant also asserts that the instruction given to the jury for shooting at or from a motor vehicle allowed the jury to rely on a legally insufficient basis to support the conviction. [BIC 4] Defendant argues that because our Supreme Court has held that shooting within a car does not fall within the conduct proscribed by NMSA 1978, Section 30-3-8 (1993), and because the jury sent a note asking whether "shooting the victim in the car is considered [the Defendant] 'willfully sho[oting] at [a] motor vehicle,'" it is possible that the jury could have relied on a legally insufficient basis to support his conviction. [BIC 4-5]

**{6}** We review for fundamental error. *See State v. Hixon*, 2023-NMCA-048, ¶ 13, 534 P.3d 235 (stating that where an error in a jury instruction has not been preserved, we review for fundamental error and "seek to determine whether a reasonable juror would have been confused or misdirected by the jury instruction" (internal quotation marks and citation omitted)). "A jury instruction is proper, and nothing more is required, if it fairly and accurately presents the law." *State v. Laney*, 2003-NMCA-144, ¶ 38, 134 N.M. 648, 81 P.3d 591.

**{7}** The jury was instructed in accordance with the uniform jury instruction for shooting at or from a motor vehicle. [1 RP 208] *See* UJI 14-342 NMRA (requiring that the state prove beyond a reasonable doubt that the defendant willfully shot a firearm at a motor vehicle with reckless disregard for another person). There was testimony and physical evidence to suggest that shots were fired inside the car and outside the car as the victim drove away. Our review of the State's argument in response to Defendant's motion for directed verdict and of the State's closing argument shows that the State sought only to use testimony regarding shots being fired outside the car as the victim drove away to support the charge of shooting at a motor vehicle. [AB 26-30, 31-33]

**{8}** Defendant's argument—that the jury could have relied on *either* testimony relating to the shooting within the car *or* testimony that shots were fired as the victim drove away—is purely speculative. [BIC 5] It is not for this Court to speculate as to the jury's decision-making. *Cf. State v. Veleta*, 2023-NMSC-024, ¶ 32, 538 P.3d 51 (stating that appellate courts will not speculate as to the jury's decision where the evidence is sufficient to support the verdict of conviction because doing so "would require us to rule based on pure speculation or else would require an inquiry into the jury's deliberations, both of which we decline to undertake"). Moreover, Defendant makes no assertion that the instruction given to the jury failed to provide an accurate statement of the relevant law. *See Laney*, 2003-NMCA-144, ¶ 38. Accordingly, we perceive no fundamental error. *See State v. Barber*, 2004-NMSC-019, ¶ 25, 135 N.M. 621, 92 P.3d 633 (stating that in conducting a fundamental error analysis, appellate courts "must place all the facts and circumstances under close scrutiny to see whether the missing instruction caused such confusion that the jury could have convicted [the d]efendant based upon a deficient understanding of the legal meaning of . . . an essential element of the crime"). Accordingly, we conclude that any potential confusion was too speculative to amount to fundamental error.

**{9}** Lastly, Defendant asserts the State failed to present sufficient evidence identifying Defendant as the person who committed any of the crimes charged. [BIC 13] "[A]ppellate courts review sufficiency of the evidence from a highly deferential standpoint." *State v. Slade*, 2014-NMCA-088, ¶ 13, 331 P.3d 930 (alteration, omission, internal quotation marks, and citation omitted). "All evidence is viewed in the light most favorable to the [S]tate, and we resolve all conflicts and make all permissible inferences in favor of the jury's verdict." *Id.* (alterations, internal quotation marks, and citation omitted). "[A]ppellate courts do not search for inferences supporting a contrary verdict or re[]weigh the evidence because this type of analysis would substitute an appellate court's judgment for that of the jury." *Id.* (internal quotation marks and citation omitted).

**{10}** Victim identified Defendant as the man who shot him and testified he was "100 [percent] sure" that Defendant was the person who robbed him, shot him inside the car, and shot at him from outside the car when Victim tried to drive away. [BIC 2; 4/24/2023 CD 2:31:02, 2:40:58] There was also evidence that Defendant was the boyfriend of Alex—the individual Victim was talking to at the park—and that Defendant and Alex arrived at the park together in a newer model grey or silver Mazda. [BIC 1; AB 6, 8] In addition, there was evidence that Defendant was apprehended in a 2018 Mazda that was consistent with Victim's description of the vehicle Defendant was driving on the night of the incident. [BIC 1-2]

**{11}** Viewing this evidence in the light most favorable to the State, resolving all conflicts and making all permissible inferences in favor of the jury's verdict, we conclude that there was sufficient evidence to support the jury's verdicts beyond a reasonable doubt that Defendant was the individual who committed the crimes charged. *See State v. Notah*, 2022-NMCA-005, ¶ 11, 503 P.3d 418 (recognizing that a "[v]ictim's testimony alone provided sufficient evidence to support [the d]efendant's conviction"); *State v. Soliz*, 1969-NMCA-043, ¶ 8, 80 N.M. 297, 454 P.2d 779 (stating that the testimony of a single witness is sufficient for a conviction). Defendant argues there was evidence to suggest someone else may have committed the crimes, but the jury was free to reject Defendant's version of the facts. *State v. Rojo*, 1999-NMSC-001, ¶ 19, 126 N.M. 438, 971 P.2d 829. Further, it was for the jury to resolve any conflicts and determine weight and credibility in the testimony. *See State v. Salas*, 1999-NMCA-099, ¶ 13, 127 N.M. 686, 986 P.2d 482. Defendant asserts the police failed to collect or test certain types of evidence, but we do not reweigh the evidence, and we may not substitute our judgment for that of the fact-finder as long as there is sufficient evidence to support the verdict. *See State v. Griffin*, 1993-NMSC-071, ¶ 17, 116 N.M. 689, 866 P.2d 1156.

**{12}** Accordingly, we affirm.

**{13} IT IS SO ORDERED.**

**JANE B. YOHALEM, Judge**

**WE CONCUR:**

**GERALD E. BACA, Judge**

**KATHERINE A. WRAY, Judge**